THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALPHONSA CHANDLER; NICHOLAS GORE; BRENT MERITY; and ERIC VAUGHAN, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL MARINE AND INDUSTRIAL APPLICATORS, LLC, a Florida Corporation,<br><br>Defendant. | NO. 2:22-cv-00339-BJR<br><br>FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs Alphonsa Chandler, Nicholas Gore, Brent Merity, and Eric Vaughan ("Plaintiffs") bring this action on their own behalf and on behalf of all others similarly situated, and hereby state and allege as follows:

**I.    INTRODUCTION**

1.1    <u>Nature of Action.</u> Plaintiffs bring this class and collective action against Defendant International Marine and Industrial Applicators, LLC ("Defendant"). Defendant has been in the business of employing workers, including but not limited to welders, to maintain and repair ships and docks across the country, including in and around King and Kitsap Counties in Washington.

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 1
CASE NO. 2:22-cv-00339-BJR

REKHI & WOLK, P.S.
529 Warreb Avenue N., Suite 201
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.557.3924

1.2    Plaintiffs allege Defendant has engaged in a systematic scheme of wage and hour abuse against them and other similarly situated employees. These abuses include Defendant's willful failure to pay such employees their earned wages for all time worked, including paying at the correct pay rates in violation of Washington law and the Fair Labor Standards Act ("FLSA").

## II.    JURISDICTION AND VENUE

2.1    Jurisdiction. This court has federal question jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331, as this case is brough under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq*. The Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

2.2    Venue. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiffs' claims occurred within this judicial district. Defendant has conducted business and has employed workers in this judicial district. And Defendant resides in this judicial district and is subject to personal jurisdiction here.

2.3    Governing Law. Plaintiffs assert claims under Washington State law on behalf of a proposed Washington Class. Plaintiffs also assert claims on behalf of a proposed Collective under the Fair Labor Standards Act.

## III.    PARTIES

3.1    Plaintiff Alphonsa Chandler. Plaintiff Chandler worked as an hourly paid employee for Defendant from approximately April 11, 2019 to September 7, 2020. Plaintiff performed work for Defendant in Washington.

3.2    Plaintiff Nicholas Gore. Plaintiff Gore worked as an hourly paid employee for Defendant from approximately April 11, 2019 to July 11, 2020. Plaintiff performed work for Defendant in Washington.

3.3    Plaintiff Brent Merity. Plaintiff Merity worked as an hourly paid employee for Defendant from approximately April 11, 2019 to November 13, 2020. Plaintiff performed work for Defendant in Washington.

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 2
CASE NO. 2:22-cv-00339-BJR

REKHI & WOLK, P.S.
529 Warreb Avenue N., Suite 201
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.557.3924

3.4     Plaintiff Eric Vaughan. Plaintiff Vaughan worked as an hourly paid employee for Defendant from approximately July 23, 2019 to September 13, 2019. Plaintiff performed work for Defendant in Washington.

3.5     Defendant International Marine and Industrial Applicators LLC ("IMIA"). Defendant IMIA is a Florida Corporation. It does business throughout the country, including in and around Seattle, King County, Washington. Defendant IMIA is headquartered in Alabama, but has facilities throughout the nation, including in Bremerton, WA. Plaintiffs and the proposed Class worked for Defendant in Washington, including at its location in Bremerton.

3.6     In addition to Plaintiffs, Defendant has employed numerous other employees throughout the United States who, like Plaintiffs, are hourly, non-exempt workers, classified as travelers, who received a per diem payment, or are otherwise are similarly situated to Plaintiffs.

## IV.     SUMMARY OF FACTUAL ALLEGATIONS

4.1     Defendant boasts it "established as the premier Marine Preservation and Structural Services company in the United States," with regional offices in every major U.S. Navy port across the country.

4.2     Defendant provides shipbuilders, ship repairers, and other commercial customers with various marine services from dock cleaners to mechanics to underwater welders, and everything in between.

4.3     Defendant estimates its employees providing these services total more than 200 individuals working in Virginia, Washington, and Hawaii, with more than 100 of those individuals working as welders, 35 as shipfitters/pipefitters, and others in similar positions.

4.4     Class and Collective members were and are employed by Defendant and perform work materially similar to Plaintiffs.

4.5     Plaintiffs, Class, and Collective members report to shipyards, docks, barges, and boats under Defendant's supervision and direction to perform their jobs, using materials and technology approved and supplied by Defendant.

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 3
CASE NO. 2:22-cv-00339-BJR

REKHI & WOLK, P.S.
529 Warreb Avenue N., Suite 201
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.557.3924

4.6     Plaintiffs, Class, and Collective members are required to follow and abide by common work, pay, and overtime policies and procedures in the performance of their jobs.

4.7     At the end of each pay period, Plaintiffs, Class, and Collective members receive wage from Defendant that are determined by common systems and methods that Defendant selected and controlled.

4.8     Defendant has engaged in a common course of conduct of willfully failing to pay Plaintiff and Class members all wages earned, including willfully failing to pay such wages upon termination.

4.9     Defendant has engaged in a common course of conduct of willfully failing to properly pay Plaintiffs, Class, and Collective members for all time worked.

4.10    Defendant paid Plaintiffs, and Proposed Class and Collective members compensation in two forms: (1) an hourly rate of pay, and (2) per diem compensation.

4.11    Defendant's payment of per diem compensation was designed to compensate Plaintiffs, Class and Collective members for work performed and was not a true reimbursement for actual living and meal expenses.

4.12    Defendant's per diem payment was the same amount, regardless of living and meal expenses.

4.13    When Defendant calculated overtime rate, the Defendant did not include in that calculation any compensation paid as per diem. This resulted in a lower overtime rate of pay than permissible under Washington law and the FLSA.

4.14    Defendant hired Plaintiffs in 2019.

4.15    All Plaintiffs worked in excess of 40 hours in at least one workweek.

4.16    Defendant paid Plaintiffs an hourly rate and paid Plaintiffs a stipend to supplement their compensation.

4.17    When calculating the regular rate of pay, Defendant failed to include compensation earned through the stipend, and as a result, artificially and improperly paid Plaintiffs an overtime rate less than 1.5 times the actual rate of pay.

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 4
CASE NO. 2:22-cv-00339-BJR

REKHI & WOLK, P.S.
529 Warreb Avenue N., Suite 201
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.557.3924

4.18    For example, Plaintiff Chandler worked 60 hours during the workweek beginning March 16, 2020 and ending March 22, 2020. Defendant paid him $29 per hour, plus per diem compensation in the amount of $846, for a regular rate of $50.15. But Defendant paid Plaintiff Chandler an overtime rate of just $43.50 per hour. Defendant therefore failed to pay Plaintiff one and one-half times his actual regular rate of pay for the hours he worked in excess of forty for that workweek.

4.19    As another example, Plaintiff Gore worked 58 hours during the workweek of December 9, 2019 to December 15, 2019. Defendant paid him $26.75 per hour, plus per diem compensation in the amount of $846, for a regular rate of $47.90. Defendant paid an overtime rate of just $40.12 for the 18 hours of overtime work, which was less than one and one-half times Plaintiff Gore's regular rate of pay for the hours he worked in excess of forty for that workweek.

4.20    Defendant also did not properly pay overtime compensation to Plaintiff Merity. As one example, Plaintiff Merity worked 56 hours during the workweek from May 4, 2020 to May 10, 2020. Defendant paid him $29.25 per hour, plus per diem compensation in the amount of $705, for a regular rate of $46.88. But Defendant paid Plaintiff Merity an overtime rate of just $43.87 per hour for the 16 hours of overtime work. Defendant therefore did not pay him one and one-half times his actual regular rate of pay for the hours he worked in excess of forty for that workweek.

4.21    And finally, Plaintiff Vaughan worked 58 hours during the workweek beginning August 19, 2019 and ending August 25, 2019. Defendant paid him $26.75 per hour, plus per diem compensation totaling $846, for a regular rate of $47.90. Defendant paid Plaintiff Vaughan an overtime rate of just $40.12 for the 18 hours of overtime work, which was less than one and one-half times his regular rate of pay for the hours he worked in excess of forty for that workweek.

4.22    Each Class member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 5
CASE NO. 2:22-cv-00339-BJR

REKHI & WOLK, P.S.
529 Warreb Avenue N., Suite 201
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.557.3924

4.23    Each Collective member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

4.24    When Plaintiffs, Class, and Collective members worked more than forty hours in a workweek, Defendant failed to pay them one and one-half times their actual regular rate for the hours worked in excess of forty for that workweek.

4.25    Defendant's method of paying Plaintiffs, Class, and Collective members was willful, and they cannot demonstrate a good faith basis as to the belief that their conduct of underpaying wages complied with either Washington law or the FLSA.

## V.    CLASS ACTION ALLEGATIONS

5.1    <u>Class Definition</u>: Under Civil Rule 23(a) and (b)(3), Plaintiffs bring this case as a class action against Defendant on behalf of a Class defined as follows:

> All persons who are hourly workers, classified as travelers, who worked for Defendant in Washington State who received a per diem payment at any time from February 18, 2019 to 90 days before the date of final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the Judge to whom this case is assigned and any member of the Judge's immediate family.

5.2    <u>Numerosity.</u> Plaintiffs believes that more than forty persons who fall within the Class definition set forth in para. 5.1. These Class members are so numerous that joinder of them is impracticable. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

5.3    <u>Commonality.</u> There are numerous questions of law and fact common to Plaintiffs and Class members. These questions include, but are not limited to, the following:

   a.    Whether Defendant has engaged in a common course of failing to properly compensate Plaintiffs and Class members for all time worked;

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 6
CASE NO. 2:22-cv-00339-BJR

**REKHI & WOLK, P.S.**
529 Warreb Avenue N., Suite 201
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.557.3924

     b.     Whether Defendant has engaged in a common course of failing to properly compensate Plaintiffs and Class members for all time worked in excess of forty hours per week;

     c.     Whether Defendants have violated RCW 49.46.090;

     d.     Whether Defendants have violated RCW 49.46.120;

     e.     Whether Defendants have violated RCW 49.46.130;

     f.     Whether Defendants have violated RCW 49.48.010;

     g.     Whether Defendants have violated RCW 49.52.050;

     h.     Whether Defendants have violated RCW 49.52.060; and

     i.     The nature and extent of Class-wide injury and the measure of compensation for such injury.

5.4    <u>Typicality.</u> Plaintiffs' claims are typical of the claims of the Class. Plaintiffs worked in Washington for Defendant and performed work for it in Washington. Plaintiffs' claims, like the claims of the Class, arise out of the same common courses of conduct by Defendant and are based on the same legal and remedial theories.

5.5    <u>Adequacy.</u> Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys who have significant experience in complex and class action litigation, including employment law. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the Class.

5.6    <u>Predominance.</u> Defendant has engaged in a common course of wage and hour abuse toward Plaintiffs and members of the Class. The common issues arising from this conduct that affects Plaintiffs and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

5.7    <u>Superiority.</u> Plaintiffs and Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 7
CASE NO. 2:22-cv-00339-BJR

REKHI & WOLK, P.S.
529 Warreb Avenue N., Suite 201
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.557.3924

prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## VI.    FLSA COLLECTIVE ACTION ALLEGATIONS

6.1    Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of individuals:

> All persons who are hourly workers, classified as travelers, who worked for Defendant anywhere in the United States who received a per diem payment at any time from February 18, 2019 to 90 days before the date of final disposition of this action.

6.2    Defendant has not compensated these employees for overtime work at one and one-have times their actual regular rate for the hours worked in excess of forty for that workweek.

6.3    Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiffs because their claims are similar to the claims possessed by the Collective members.

6.4    Plaintiffs also have actual knowledge that Collective members have not been compensated for overtime work at one and one-have times their actual regular rate for the hours worked in excess of forty for that workweek.

6.5    Plaintiffs are similarly situated to Collective members. Like Plaintiffs, Defendant subjected Collective members to its common practice, policy, or plan of refusing to pay proper overtime compensation in violation of the FLSA.

6.6    Collective members perform or have performed the same or similar work as Plaintiffs, providing marine services to Defendant's customers.

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 8
CASE NO. 2:22-cv-00339-BJR

REKHI & WOLK, P.S.
529 Warreb Avenue N., Suite 201
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.557.3924

6.7 Collective members regularly work or have worked in excess of forty hours during a workweek.

6.8 Collective members are not exempt from receiving overtime compensation under the FLSA.

6.9 Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of FLSA Collective members.

6.10 Although Plaintiffs and Collective members have different job titles and/or work in different locations, this action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

    a. Defendant maintained common timekeeping systems and policies with respect to Plaintiffs and Collective members; and

    b. Defendant maintained common payroll systems and policies with respect to Plaintiffs and Collective members, controlled the payroll systems and policies applied to Plaintiffs and Collective members, and set the pay rates assigned to Plaintiffs and Collective members.

6.11 Plaintiffs and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with their obligation to legally compensation their employees. Liability is based on a systematic course of wrongful conduct by Defendant that cause harm to all Collective members. Defendant had a policy, practice, or plan of not pay Plaintiffs and Collective members one and one-half their actual regular rate of pay for all hours worked in excess of 40 in a workweek.

6.12 As such, the collective of similarly situated Plaintiffs is properly defined as stated above. Plaintiffs estimate the Collective, including both current and former employees over the relevant time period, will include upwards of 400 people or more. The precise number of Collective members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 9
CASE NO. 2:22-cv-00339-BJR

REKHI & WOLK, P.S.
529 Warreb Avenue N., Suite 201
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.557.3924

"opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendant's records. Given the composition and size of the Collective, notice may be provided via First Class Mail, e-mail, text message, and other modes of notice similar to those customarily used in representative actions.

## VII.   FIRST CLAIM FOR RELIEF
### (Violation of RCW 49.46 et seq., Payment of Wages Less than Entitled)
### On Behalf of Plaintiffs and the Class

7.1   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2   Defendants have failed to properly pay wages to Plaintiffs and Class members for the work they performed in excess of forty hours per week as per RCW 49.46.130.

7.3   By the actions alleged above, Defendants have violated the provisions of RCW 49.46.020, RCW 49.46.090, RCW 49.46.120, RCW 49.46.130.

7.4   As a result of these unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs pursuant to RCW 49.46.090.

## VIII.   SECOND CLAIM FOR RELIEF
### (Unpaid Wages on Termination: RCW 49.48 et seq.)
### On Behalf of Plaintiffs and the Class

8.1   Plaintiffs reallege and incorporate by reference each and every allegation set fort in the preceding paragraphs.

8.2   RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 10
CASE NO. 2:22-cv-00339-BJR

REKHI & WOLK, P.S.
529 Warreb Avenue N., Suite 201
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.557.3924

8.3     By the actions alleged above, Defendant violated the provisions of RCW 49.48.010. As a result of Defendant's unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial. Pursuant to RCW 49.48.030 are entitled to recover of such amounts, including interest thereon, attorneys' fees, and costs.

## IX.     THIRD CLAIM FOR RELIEF
### (Violation of RCW 49.52.050 — Willful Refusal to Pay Wages)
### On Behalf of Plaintiffs and the Class

9.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2     RCW 49.52.050 provides that any employer or officer, vice principal or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

9.3     RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

9.4     The alleged unlawful actions by Defendant against Plaintiffs and the Class, as set forth above, were committed willfully and with intent to deprive Plaintiffs and the Class of part of their wages.

9.5     As such, based on the above allegations, Defendant violated the provisions of RCW 49.52.050.

9.6     As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiff and the Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 11
CASE NO. 2:22-cv-00339-BJR

REKHI & WOLK, P.S.
529 Warreb Avenue N., Suite 201
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.557.3924

## X. FOURTH CLAIM FOR RELIEF
(Violations of 29 U.S.C. § 207 for failure to pay overtime compensation)
### On Behalf of Plaintiff and the Collective

10.1   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2   At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

10.3   At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r)-(s).

10.4   Defendant has and continues to have an annual gross business volume of not less than $500,000.

10.5   Plaintiffs and Collective Members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

10.6   At all material times, Plaintiffs and Collective members were employees who engaged in commerce as required by 29 U.S.C. § 207.

10.7   Plaintiff and Collective members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

10.8   The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

10.9   Defendant violated and continues to violate 29 U.S.C. § 207 by failing to compensate Plaintiffs and Collective members at one and one-half time their actual regular rate for all hours worked in excess of forty hours per workweek.

10.10   Because of these violations, Plaintiffs and Collective members have suffered a loss of wages.

10.11   Defendant's failure to pay overtime to Plaintiffs and Collective members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 12
CASE NO. 2:22-cv-00339-BJR

**REKHI & WOLK, P.S.**
529 Warreb Avenue N., Suite 201
Seattle, Washington 98109
TEL. 206.388.5887 • FAX 206.557.3924

within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiffs and Collective members' claims.

10.12   Because of Defendant's willful violations, Plaintiffs and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

10.13   Plaintiffs and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

## XI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own and on behalf of the members of the Class and Collective, pray for judgment against Defendant, as follows:

A.   An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B.   An order certifying the proposed Class;

C.   Appointment of Plaintiffs as representatives of the Class and Collective;

D.   Appointment of the undersigned attorneys as counsel for the Class and Collective;

E.   Award compensatory, liquidated, and exemplary damages to Plaintiffs and Class members for violation of Washington's wage and hour laws, in amounts to be proven at trial;

F.   Award compensatory, liquidated, and exemplary damages to Plaintiffs and Collective members for violations of the FLSA, in amounts to be proven at trial;

G.   Award Plaintiffs and the Class attorneys' fees and costs, as allowed by law;

H.   Award Plaintiffs and the Class prejudgment and post-judgment interest, as provided by law;

I.   Permit Plaintiffs and the Class leave to amend the complaint to conform to the evidence presented at trial; and

J.   Grant such other and further relief as the Court deems necessary, just, and proper.

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 13
CASE NO. 2:22-cv-00339-BJR

REKHI & WOLK, P.S.
529 Warreb Avenue N., Suite 201
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.557.3924

1  RESPECTFULLY SUBMITTED AND DATED this 19th day of April, 2022.

2  REKHI & WOLK, P.S.

3  By: /s/ Hardeep S. Rekhi, WSBA #28946
4  Hardeep S. Rekhi, WSBA #34579
   Email: hardeep@rekhiwolk.com
5  Gregory A. Wolk, WSBA #28946
   Email: jennifer@rekhiwolk.com
6  Jennifer T. Song, WSBA #39801
7  Email: jennifer@rekhiwolk.com
   529 Warren Ave North, Suite 201
8  Seattle, Washington 98109
   Telephone: (206) 388-5887
9  Facsimile: (206) 557-3924

10  TERRELL MARSHALL LAW GROUP PLLC

11  By: /s/Erika L. Nusser, WSBA #40854
12  Toby J. Marshall, WSBA #32726
    Email: tmarshall@terrellmarshall.com
13  Erika L. Nusser, WSBA #40854
    Email: enusser@terrellmarshall.com
14  936 North 34th Street, Suite 300
15  Seattle, Washington 98103
    Telephone: (206) 816-6603
16  Facsimile: (206) 319-5450

17  *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

FIRST AMENDED CLASS AND COLLECTIVE ACTION
COMPLAINT FOR DAMAGES - 14
CASE NO. 2:22-cv-00339-BJR

**REKHI & WOLK, P.S.**
529 Warreb Avenue N., Suite 201
Seattle, Washington  98109
TEL. 206.388.5887 • FAX 206.557.3924