THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALPHONSA CHANDLER; NICHOLAS GORE; BRENT MERITY; and ERIC VAUGHAN, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL MARINE AND INDUSTRIAL APPLICATORS, LLC, a Florida Corporation,<br><br>Defendant. | Case No. 2:22-cv-00339-BJR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION** |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION
Case No. 2:22-cv-00339-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Defendant's opposition confirms its hourly-paid traveler employees are similarly situated. Defendant doesn't deny Plaintiffs and travelers perform similar duties and are paid under the same per diem compensation plan that does not include per diem payments to calculate overtime compensation. Defendant also doesn't deny its per diem compensation plan is based on and therefore varies with the number of hours worked per day or the number of shifts worked per week. This and numerous other factors confirm that IMIA's per diem payments function as compensation, rather than reimbursement, and therefore should be included in the regular hourly rate when calculating overtime compensation. IMIA's failure to do so establishes that Plaintiffs and all members of the proposed collective were harmed by a uniform unlawful decision, policy, or plan, and that the collective should be certified.

## II. REPLY ARGUMENT AND AUTHORITY

**A.   Plaintiff's overtime claim is appropriate for conditional certification.**

   1.   <u>The decades old two-step approach is proper.</u>

Defendant does not dispute that discovery in this case is nowhere near complete or that Plaintiffs brought this motion during the early stages of litigation. Nonetheless, Defendant argues against the lenient two-step process based on a recent decision from the Fifth Circuit. *See* ECF No. 35 at 10-12 (citing *Swales v. KLLM Transp. Servs.*, 985 F.3d 430 (5th Cir. 2021)).

Defendant's assertion to the contrary, the Ninth Circuit has endorsed the two-step approach, along with the Second, Third, Sixth, Tenth, and Eleventh Circuits. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1112-13 (9th Cir. 2018) ("unlike Rule 23, the collective action mechanism is, in effect, tailored specifically to vindicating federal labor rights" and because the "FLSA is a remedial statute with broad worker-protective aims," "mimicking the Rule 23 standards in evaluating section 216(b) collective actions is not appropriate"). In approving the two-step approach, the Ninth Circuit stated "there is good reason for this consensus" because it "has the advantage of ensuring early notice of plausible collective actions, then eliminating those whose promise is not borne out by the record." *Id*. Courts in this Circuit have consistently

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION- 1
Case No. 2:22-cv-00339-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

followed the two-step approach. *See, e.g., McNutt v. Swift Transportation Co. of Ariz. LLC*, 2020 WL 3819239, *3 (W.D. Wash. July 7, 2020); *see also Curphey v. F&S Mgmt. I LLC*, 2021 WL 487882, *2 (D. Ariz. Feb. 10, 2021) ("[t]he majority of courts, including this one, have adopted the two-tiered approach"); *Alvarez v. City of Oxnard*, 2020 WL 8464421, at *2 (C.D. Cal. Dec. 17, 2020) ("district courts in [the Ninth Circuit] have adopted a two-tiered approach").

IMIA also fails to note that courts in the Ninth Circuit have already determined they will not follow the Fifth Circuit and will continue to use the two-tiered approach. *See Kapzynski v. Colt Barbeque & Spirits LLC*, 2021 WL 6063533, *2 (D. Ariz. Dec. 22, 2021) ("this Court is bound to follow the principles recognized by the Ninth Circuit in *Campbell* and elsewhere"); *Peer v. Rick's Custom Fencing & Decking, Inc.*, 2021 WL 4203658, *5 n.5 (D. Or. Aug. 13, 2021) (rejecting *Swales* as the Ninth Circuit "has clearly spoken on the point and essentially endorsed the two-tier analysis in *Campbell*."); *Droesch v. Wells Fargo Bank, N.A.*, 2021 WL 1817058, *4 (N.D. Cal. May 6, 2021) (same). In fact, as recently as September 17, 2021, the Honorable Rosanna Malouf Peterson considered *Swales* and found "the *Swales* approach conflicts with the two-stage certification process approved by the Ninth Circuit in *Campbell*. . .Therefore, the Court declines Defendants' invitation to apply *Swales* to this case." *Kurtz v. Rcch Trios Health*, 2021 WL 6246626, *2 n.1 (E.D. Wash. Sep. 17, 2021). This Court should do the same.

2. <u>Plaintiffs have established they are similarly situated and that all proposed members have been uniformly victimized by a common unlawful policy.</u>

Defendant argues its uniform failure to include per diem payments when calculating overtime compensation is lawful. ECF No. 35 at 12. This challenge to the merits, however, simply confirms that IMIA's travelers are similarly situated. *See Underwood v. NMC Mortgage Corp.*, 2009 WL 1322588, *4 (D. Kan. May 11, 2009) (denying motion to decertify collective where defendant claimed compensation policy did not violate the law, because court found <u>same compensation plan applied to all proposed collective members</u>); *see also Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012) (finding at this stage, "court does not resolve factual disputes [or] decide substantive issues going to the ultimate merits").

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION- 2
Case No. 2:22-cv-00339-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Defendant's assertion is also untrue. Plaintiffs have offered more than their own testimony. Indeed, Defendant has confirmed many relevant facts, including:

(1) IMIA designates employees as "travelers" if they travel at least 75 miles from home for an assignment (ECF No. 35 at 3);

(2) IMIA pays traveler employees on a uniform basis, including an "hourly rate" and a "per diem allotment" (ECF No. 35 at 3);

(3) IMIA's uniform payment to hourly traveler employees is governed, in part, by its Per Diem Procedure that applies to all such employees (Ex. 8); and

(4) IMIA "requires a traveler to work a shift of at least six hours to qualify the shift as eligible to receive a per diem" (ECF No. 35 at 4, n.5)—in other words, the per diem amount varies with the number of hours or shifts worked.

This is sufficient to meet Plaintiffs' burden to make a "modest factual showing" that they and collective members were the victims of a common, illegal policy. *Fisher v. Michigan Bell Tel. Co.*, 665 F. Supp. 2d 819, 825 (E.D. Mich. 2009); *see also Gambo v. Lucent Techs., Inc.*, 2005 WL 3542485, *4 (N.D. Ill. Dec. 22, 2005) ("[A] plaintiff need only demonstrate a factual nexus that binds potential members of a collective together."). The factual nexus binding Plaintiffs and traveler employees is Defendant's uniform compensation policies, under which it fails to include per diem payments when calculating overtime compensation. And because, as Defendant admits, its per diem payments are "adjusted based on hours or shifts worked," those payments "function more as remuneration for hours worked than as reimbursement for expenses." *Howell v. Advantage RN, LLC*, 401 F. Supp. 3d 1078, 1090 (S.D. Cal. 2019). Thus, Defendant's failure to include per diem payments when calculating overtime is unlawful.

The single case on which IMIA relies does not hold to the contrary. *See* ECF No. 35 at 14 (citing *Sharp v. CGG Land (U.S.) Inc.*, 840 F.3d 1211 (10th Cir. 2016)). In that case, plaintiffs argued a per diem for food was not exempt from the regular rate because food was not a "living expense" under the FLSA and the expense for food was not incurred while "traveling over the road" once they reached their remote jobsite. *Id*. at 1214-15. The court rejected both "hyper-literal" interpretations. *Id*. The case does not contribute to the analysis that must be done here to determine whether IMIA's per diem payments constituted reimbursements or

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION- 3
Case No. 2:22-cv-00339-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

compensation. The answer to that question, which is dictated by the analyses set forth in *Clarke v. AMN Servs., LLC*, 987 F.3d 848, 854 (9th Cir.) and *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1041 (5th Cir. 2010), is yes. *See* ECF No. 28 at 8-10. Plaintiffs have made more than a modest showing that traveler employees are similarly situated sufficient to justify notice.

**B.     The Court has general and specific jurisdiction over this entire lawsuit.**

IMIA's jurisdictional challenge does not apply to Plaintiffs or to IMIA's more than 500 Washington travelers or to its more than 50 Washington resident travelers. IMIA's jurisdictional challenge impacts only its travelers who both worked and lived outside of Washington. Because no such employees have opted-in to this case, however, IMIA's challenges are premature and must be rejected. IMIA is also wrong that general jurisdiction does not apply given its substantial contacts with Washington. And IMIA is wrong that BMS applies to FLSA actions.

   1. <u>To avoid an improper advisory opinion, the Court should wait to rule on the jurisdictional issue until out-of-state workers have filed consent forms.</u>

Prospective FLSA collective members are not parties until filing an opt in form. *See Campbell*, 903 F.3d at 1105 ("The opt-in plaintiffs thus choose whether and when to 'become parties to a collective action only by filing a written consent with the court.'"). No out-of-state traveler employees have consented to join this lawsuit. Any opinion from purporting to determine jurisdiction over potential collective members would be purely advisory. *Cf. Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("[Courts'] judgments must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."). This is especially true when deciding personal jurisdiction, which entails a court's "power over the parties before it." *Lightfoot v. Cendant Mtg. Corp.*, 137 S. Ct. 553, 562 (2017). Requests to find lack of personal jurisdiction are "premature—not to mention 'novel and surely erroneous.'" *Molock v. Whole Foods Mkt. Group, Inc.*, 952 F.3d 293, 298 (D.C. Cir. 2020).

Rather than decide the issue now, the more sensible approach would be to authorize notice to the proposed collective. After the scope of the collective is determined, Defendant

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION- 4
Case No. 2:22-cv-00339-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

may ask the Court to dismiss any out-of-state opt-in plaintiffs for lack of jurisdiction. This approach preserves Defendant's defense and ensures all potential collective members are notified so they can toll their individual statutes of limitations. This approach will also permit the Court to decide the jurisdiction issue with the fullest record possible. For example, discovery may establish general jurisdiction or the Court may be able to take pendent jurisdiction over opt-ins' claims. *See Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180-81 (9th Cir. 2004) (adopting doctrine of pendent personal jurisdiction, which permits courts to compel defendants who already must appear in forum to defend against one claim to "answer other claims in the same suit arising out of a common nucleus of operative facts"). That determination—which requires a district court to assess considerations of judicial economy, convenience, and fairness to the litigants—is not possible now given the parties do not know how many out-of-state employees will join the lawsuit, where they will be located, and whether it would be fair, convenient, and practical to decide their claims in one lawsuit.

Because Defendant's arguments are premature, they should be rejected, and Plaintiffs' motion should be granted.

    2.    <u>Given IMIA's contacts and purposeful conduct in Washington, the Court has general jurisdiction over IMIA for its uniform unlawful conduct.</u>

A court may exercise general jurisdiction where "continuous corporate operations within a state [are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities." *International Shoe Co. v. Washington Office of Unemployment Compensation and Placement, et al.*, 326 U.S. 310, 318 (1945). While the standard for general jurisdiction is high, it is met by contacts with the forum that "approximate physical presence" (*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)) such that the employer has "sat down and made itself at home" (*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002)). *See also Mateer v. Interocean Am. Shipping Corp.*, 2006 WL

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION- 5
Case No. 2:22-cv-00339-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

997248 (N.D. Cal. April 17, 2006). Even without the benefit of discovery, IMIA's contacts establish that general jurisdiction in Washington is proper.[1]

In *Mateer*, the court found similar contacts sufficient to confer general jurisdiction. 2006 WL 997248, *1-*7. There, the company performed on a contract to operate three ships, which operated out of California ports for most of the contract. *Id*. at *2. Defendant also employed the ships' crews in California and paid California payroll taxes and carried California workers compensation insurance for them. *Id*. The court found these contacts "substantial and continuous," in addition to the fact that "[f]or sixteen years immediately preceding this litigation, defendant was registered to conduct business in California and had an agent here for service of process." *Id*. *4. "These contacts were part of a systematic effort of defendant to perform a revenue-generating contract at the heart of its core business of operating ships. None of these contacts was random, fortuitous or attenuated." *Id*. *5. The same is true here.

IMIA has been registered to do business in Washington since at least 2016 and has an agent here for service of process. Nusser Decl., Ex. 18. IMIA admits it not only solicits work in Washington and engages in business here, but that it does so at "its [] locations." *See* ECF No. 35 at 2-3. Of IMIA's 1,087 traveler employees, 536 (or 49 percent) worked in this state. ECF No. 35 at 1. In addition, 56 travelers who worked in other states were residents of Washington. Nusser Decl. ¶ 3. Thus, of the 1,087 members of the collective, <u>54 percent</u> either worked in or were residents of Washington or both. In addition, IMIA pays into the Washington Paid Family and Medical Leave fund for at least its Washington-based travelers. As in *Mateer*, IMIA's contacts were purposefully directed at Washington to generate business and revenue at the heart of IMIA's business. IMIA's systematic contacts establish general jurisdiction.

---

[1] Should any out-of-state employees opt-in to this case, Plaintiffs will be entitled to discovery to establish jurisdiction if necessary. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) ("Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."); *Miles v. Shanghai Zhenhua Port Mach. Co., Ltd.*, 2009 WL 2473482, *3 (W.D. Wash. Aug. 10, 2009) ("A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.").

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION- 6
Case No. 2:22-cv-00339-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

At any rate, because Defendant's jurisdictional challenge does not relate to Plaintiffs, they have not conducted discovery to further establish the propriety of general jurisdiction as to any out-of-state opt-ins. Plaintiffs anticipate such discovery is likely to confirm that IMIA performs most of its core services in Washington, among other contacts.

3. *Bristol-Meyers* does not apply to FLSA actions.

IMIA's specific jurisdiction argument hinges on a misreading of the Supreme Court's ruling in *Bristol-Meyers Squibb Co. v. Superior Court of California, S.F. County*, 137 S.Ct. 1773 (2017). *Bristol-Myers* considered a state court's approach permitting the exercise of personal jurisdiction over claims brought by out-of-state plaintiffs even in the absence of "any adequate link between the State and the nonresidents' claims." *Id*. at 1781. That approach implicated the Fourteenth Amendment's Due Process Clause, which "limits the personal jurisdiction of state courts." *Id.* at 1779. The Supreme Court held this approach to personal jurisdiction was incompatible with the Fourteenth Amendment's due process limitations. The "federalism interest" proved "decisive." *Id.* But whatever federalism concerns limit the exercise of a state's power to decide state-law claims of nonresidents, no similar concerns apply to a federal court's exercise of authority. That is why the Supreme Court's holding applied only to "the due process limits on the exercise of specific jurisdiction by a State" and did not touch "on the exercise of personal jurisdiction by a federal court." *Id.* at 1783-84.

The Fifth Amendment—not the Fourteenth Amendment—limits a federal court's jurisdiction over federal law claims. *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 92 (1st Cir. 2022), *cert. denied*, No. 21-1192, 2022 WL 1914117 (U.S. June 6, 2022). Under the Fifth Amendment's due process clause, out-of-state plaintiffs may sue to enforce their rights under a federal statute so long as the defendants maintain minimum contacts with the United States. All potential opt-in plaintiffs satisfy this test.

In arguing that *Bristol-Meyers* precludes this Court from notifying employees who only worked for IMIA in another state, Defendant relies primarily on *McNutt v. Swift Trans. Co. of Arizona, LLC*, 2020 WL 3819239, at *8 (W.D. Wash. July 7, 2020) and *Carlson v. United Natural*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION- 7
Case No. 2:22-cv-00339-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Foods, Inc.*, 2021 WL 3616786 (W.D. Wash. Aug. 14, 2021) (citing *McNutt*). But at the time *McNutt* was decided, the court did not have the benefit of the First Circuit's decision in *Waters*. *See* 23 F.4th 84. In that case, the First Circuit found that while opt-in plaintiffs are parties, the Federal Rule of Civil Procedure governing service of a summons—Rule 4—is concerned only with how a summons may be served. *Id*. at 93. And while the text states that personal jurisdiction can be established by serving a summons if any of three criteria is met, it "nowhere suggests that Rule 4 deals with anything other than service of a summons, or that Rule 4 constrains a federal court's power to act once a summons has been properly served, and personal jurisdiction has been established." *Id.* at 93-94. Thus, in FLSA actions served pursuant to a state long-arm statute, Rule 4 only requires the named plaintiffs to satisfy Fourteenth Amendment minimum contacts doctrine. *See id.* at 94. Opt-in plaintiffs who have filed consent to join forms with the Court need not separately serve the defendant with process or otherwise comply with the Fourteenth Amendment. *Id.* Instead, the Fifth Amendment limits the authority of the Court after service of process has been effectuated. *Id.* at 96.

In light of *Waters*, the premise animating the *McNutt* and *Carlson* decisions and the conclusions drawn in those cases are without merit. The rules governing service of process apply to named plaintiffs only and do not impose requirements on individuals who join the action after the summons and complaint have been properly served. Adopting the First Circuit's analysis in *Waters* is not only consistent with the plain language of Rule 4, it also reflects the legislative history and policies behind the FLSA. As the First Circuit points out, "Congress created the collective action mechanism to enable all affected employees working for a single employer to bring suit in a single, collective action." 23 F.4th at 96-97. The FLSA's purpose was to "target those in interstate commerce" and to "provide a living wage to workers at large, multistate businesses." *See id.* Interpreting the FLSA to bar collective actions by out-of-state employees frustrates employees' ability to pool resources and to litigate their claims efficiently in a single action. *Id.* Forcing plaintiffs to file separate lawsuits in separate jurisdictions against the same employer "is not what the FLSA contemplated." *Id.*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION- 8
Case No. 2:22-cv-00339-BJR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The First Circuit's analysis incorporates sound statutory interpretation that is consistent with the Federal Rules of Civil Procedure, the United States Constitution, and the legislative history and policies behind the FLSA. *Waters* also addresses the opinions of the Sixth and Eighth, finding those circuits got it wrong. *Id.* at 97 ("Both opinions instead rely on an erroneous reading of Rule 4" and fail to confront the fact that Rule 4(k) is a "territorial limit" on "effective service" of a summons, and thus logically cannot be read to limit a federal court's jurisdiction after a summons is properly served."). This analysis also applies to the Third Circuit's decision.

Within the Ninth Circuit, most district courts have found that *Bristol-Myers* does not apply. *See* (1) *Pavloff v. Cardinal Logistics Mgmt. Corp.*, 2020 WL 6828902, *4 n.2 (C.D. Cal. Oct. 2, 2020) (following other federal courts finding *Bristol-Myers* does not apply to FLSA claims brought in federal court); (2) *Cooley v. Air Methods Corp.*, 2020 WL 9311858, *3 (D. Ariz. Sept. 25, 2020) ("Bristol-Meyers does not apply in the FLSA collective action contest; its application would eviscerate FLSA collective actions and thwart Congressional intent."); (3) *Chavez v. Stellar Mgmt. Group VII, LLC*, 2020 WL 4505482, *6-7 (N.D. Cal. Aug. 5, 2020); (4) *McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142 (S.D. Cal. 2019); (5*) Seiffert v. Qwest Corp.*, 2018 WL 6590836, *3 (D.Mont. Dec. 14, 2018), motion to certify appeal denied, 2019 U.S. Dist. LEXIS 28658 (D. Mont. Feb. 22, 2019); (6) *Swamy v. Title Source, Inc.,* 2017 WL 5196780, *2 (N.D. Cal. Nov. 10, 2017); (7) *Thomas v. Kellogg Co.*, 2017 WL 5256634, *1 (W.D. Wash. Oct. 17, 2017); (8) *Arends v. Select Med. Corp.*, 2021 WL 4452275, *1 (C.D. Cal. July 7, 2021) ("This Court will follow the thirteen other districts that have held that *Bristol-Myers* does not apply to FLSA actions"); (9) *Sanders v. W. Express, Inc.*, 2021 WL 2772801, (E.D. Wash. Feb. 11, 2021); (10) *Cabrera v. Bayer Healthcare, LLC*, 2019 WL 1146828, at *8 (C.D. Cal. Mar. 6, 2019); and (11) *Pellegrini v. Huyssen, Inc.*, 2017 WL 2908794, *2 (S.D. Cal. July 7, 2017).

Here, if the Court is prepared to determine whether it will have jurisdiction over potential opt-ins who did not live or work in Washington, it should find that *Bristol-Myers* does not apply to FLSA claims, following the First Circuit and most Ninth Circuit district courts.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION- 9
Case No. 2:22-cv-00339-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**C.   Plaintiffs' proposed notice and reminder plan is proper.**

IMIA's request to limit the collective to only those travelers who have *already* worked overtime is improper. IMIA has not stopped its unlawful compensation system. Thus, even travelers who work overtime in the future will be subjected to IMIA's unlawful compensation policy. Plaintiffs do agree, however, that the definition should be limited to three years.

As for the notice plan, courts routinely permit disclosure of telephone numbers and social security numbers (at least the last four digits) to facilitate skip-tracing. *See e.g., Lewis v. Wells Fargo & Co.*, 669 F.Supp.2d 1124, 1129-30 (N.D. Cal. 2009) (ordering production of "names, addresses, alternate addresses, email addresses, social security numbers and telephone numbers"); *Linz v. Core Values Roadside Serv., LLC*, 2020 WL 3051341, *6 (E.D. Wash. June 8, 2020) (ordering defendants to provide collective members' contact information); *Randolph v. Centene Mgmt. Co.*, 2015 WL 2062609, *4 (W.D. Wash. May 4, 2015) (same).

Notice and consent by electronic means and reminder notices are standard practice. *Dudley v. TrueCoverage LLC*, 2018 WL 6431869, *5 (C.D. Cal. Sept. 28, 2018) ("Courts often approve notice by mail, email…" and "[r]eminder notices to potential opt-in plaintiffs also are common") (citing cases); *Randall v. Integrated Comm'cn Serv., Inc.*, 2021 WL 2328373, *4 (W.D. Wash. June 8, 2021) (same); *Knight v. Concentrix Corp.*, 2019 WL 3503052, *6 (N.D. Cal. Aug. 1, 2019) (allowing e-signatures, noting "many important documents are routinely sent and signed electronically, such as financial documents, contracts, and even taxes").

Finally, IMIA's language regarding a potential obligation to pay its attorneys' fees and costs is unnecessary and can have a "chilling nature," particularly "coupled with the remote change that putative class members could be liable for attorneys' fees and costs in a FLSA action." *Randall*, 2021 WL 2328373, *4 (citing cases). Plaintiffs' proposed notice is neutral, concise, and adequately describes the litigation, while IMIA's revisions complicate the language and would impose a chilling effect.

### III.   CONCLUSION

Plaintiffs respectfully request the Court grant conditional certification and issue notice.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION- 10
Case No. 2:22-cv-00339-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  RESPECTFULLY SUBMITTED AND DATED this 16th day of August, 2022.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/Erika L. Nusser, WSBA #40854
    Toby J. Marshall, WSBA #32726
    Email: tmarshall@terrellmarshall.com
    Erika L. Nusser, WSBA #40854
    Email: enusser@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

    Hardeep S. Rekhi, WSBA #34579
    Email: hardeep@rekhiwolk.com
    Gregory A. Wolk, WSBA #28946
    Email: jennifer@rekhiwolk.com
    Jennifer T. Song, WSBA #39801
    Email: jennifer@rekhiwolk.com
    REKHI & WOLK, P.S.
    529 Warren Ave North, Suite 201
    Seattle, Washington 98109

*Attorneys for Plaintiffs*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION- 11
Case No. 2:22-cv-00339-BJR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com